IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 3:13-MJ-706-BH |
| | § | |
| WAYNE JOSEPH SWEENEY (01) | § | |

## DETENTION ORDER

On this date, Defendant appeared in person and through counsel for preliminary and detention hearings and announced ready to proceed. The government appeared through Assistant United States Attorney, and likewise announced ready.

After considering the evidence, the Court finds probable cause to believe that Defendant conspired to possess with intent to distribute a controlled substance analogue, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), giving rise to a rebuttable presumption under 18 U.S.C. § 3142(e) that there is no condition or combination of conditions of release which will reasonably assure the defendant's appearance as required and the safety of the community. The presumption shifts the burden of production, not the burden of persuasion. *See United States v. Hare*, 873 F.2d 796, 798-99 (5th Cir. 1989). The defendant must produce only some evidence tending to rebut the presumption. *Id*.

In this case, the Court concludes that Defendant failed to produce sufficient evidence to rebut the presumption of flight risk. That notwithstanding, based on the testimony of the witnesses, the pretrial services report, and the factors listed in 18 U.S.C. § 3142(g), and, for the reasons stated on the record at the hearing, the Court finds that the government has met its burden of persuasion. The Court finds by a preponderance of the evidence that there is no condition or combination of conditions which will reasonably assure Defendant's appearance as required. *See United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985) (holding that applicable standard is simple

preponderance).  The evidence establishes that Defendant has (1) an extensive criminal history, (2) no stable residence in the United States, and (3) a residence, real property, and financial resources in Mexico.

Accordingly, the Government's motion for detention is GRANTED.  It is ORDERED that Defendant is committed to the custody of the Attorney General and United States Marshal pending further proceedings in this case.

It is ORDERED that while in the custody of the Attorney General and the United States Marshal, Defendant shall be confined in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

It is ORDERED that Defendant, while being so held, be afforded reasonable opportunity for private consultation with counsel.

It is further ORDERED that, on an Order of a Court of the United States or at the request of the attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with court proceedings in the Northern District of Texas.

SIGNED  October 30, 2013.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE